UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KUMBA HINDS N'DOW | : | CIVIL NO.: 3:12CV1558 |
| | : | |
| VS. | : | |
| | : | |
| YALE UNIVERSITY | : | NOVEMBER 5, 2012 |

## C O M P L A I N T

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States. The defendant discriminated against the plaintiff in employment on the grounds of her race and retaliated against her when she complained about it.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 of the United States Code.

3. The plaintiff is a black African-American female who resides in the State of Connecticut.

4. The defendant is a private university located in New Haven, Connecticut. It is an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

1

5.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed timely complaints of unlawful discrimination and retaliation with the United States Equal Employment Opportunity Commission and having received a Right to Sue Letter on or about October 25, 2012.

6.  The plaintiff was employed by the defendant as an Assistant Director in Undergraduate Career Services from July 1998 through October 1998 and as a Staffing Representative in Human Resources from July 2005 until her termination on January 5, 2012.

7.  The plaintiff was systematically excluded from coaching and mentoring opportunities, pay increases and promotions, penalized for approved leave, i.e., workers' compensation leave and FMLA leave, retaliated against because of her participation in an African American affinity group, and subjected to systematic exclusion from positive feedback by her clients during performance reviews.

8.  On July 13, 2011, the plaintiff received a warning letter from her immediate supervisor stating that her work should improve within thirty days.  On July 21, 2011, the plaintiff met with Senior Director Christine Pedevillano to inquire about finding ways of meeting expectations.  Ms. Pedevillano instead recommended that the plaintiff negotiate a severance package and promise not to sue the defendant.

9.  During her entire career with the defendant, the plaintiff received only one special assignment whereas her Caucasian coworkers received several special assignments giving them the opportunity to demonstrate performance capabilities and earn promotions.

10.  On September 14, 2010, the plaintiff was given the additional responsibility of covering a former employee's workload.  For the next three months, the plaintiff's workload was twice that of her Caucasian coworkers, leading to a negative performance review which ignored the substantial and unequal increase in her workload.

11.  From 2006 through August 2010, the plaintiff received no pay increases.  In September 2010 the plaintiff received a $500 pay increase.  Caucasian co-workers received far more generous pay increases during the same time period.

12.  The plaintiff did not ever receive a promotion during her years employed by the defendant although four of her Caucasian coworkers were promoted despite in some cases having less experience than the plaintiff.

13.  From 2009 through 2011 several of the plaintiff's clients shared positive feedback concerning her with the plaintiff's managers.  However, trhe plaintiff's managers excluded that positive feedback from the plaintiff's performance reviews and did not disclose it to the plaintiff or her peers.

14. On several occasions during that period, the plaintiff's managers highlighted positive feedback of her Caucasian peers during group meetings while making no mention of the plaintiff's positive feedback.

15. On December 16, 2010, the Yale African American Affinity group, of which the plaintiff was an active member, publicly raised concerns about disenfranchisement and distrust of the hiring process controlled by Human Resources and the Staffing Department.  On July 13, 2011, in retaliation, the plaintiff received a warning letter.

16. On August 10, 2011, the plaintiff filed a formal complaint of unlawful employment discrimination and retaliation with the United States Equal Employment Opportunity Commission.

17. The plaintiff thereafter was on an extended medical leave.

18. On January 5, 2012, the plaintiff returned to work following her said medical leave.  Upon entering her office, she was handed a Termination Notice and was walked off the job by security personnel.

19. As a result, the plaintiff has suffered economic losses and emotional distress.

20. In the manner described above, the defendant has discriminated against the plaintiff because of her race and has retaliated against her for having complained about unlawful employment discrimination, all in violation of Title VII

of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A.  Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B.  Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C.  Attorney fees and the costs of this action;

D.  A temporary and permanent injunction requiring the defendant forthwith to return the plaintiff to her position with full back pay and benefits;

E.  Such other relief as this court shall consider to be fair and equitable.

THE PLAINTIFF

BY: _____/s/_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax:  203-776-9494
jrw@johnrwilliams.com
Her Attorney