UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KUMBA HINDS N'DOW | : | |
| | : | |
| VS. | : | NO. 3:12cv1558(RNC) |
| | : | |
| YALE UNIVERSITY | : | DECEMBER 1, 2012 |

## <u>REPORT OF PARTIES' PLANNING  MEETING</u>

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16,

undersigned counsel for the parties conferred on November 27, 2012.  The

participants were **John R. Williams** for the plaintiff; and **Patrick M. Noonan** for

the defendant.

I.  CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they

have discussed the nature and basis of the parties' claims and defenses and any

possibilities for achieving a prompt settlement or other resolution of the case

and, in consultation with their clients, have developed the following proposed

case management plan.  Counsel further certify that they have forwarded a copy

of this report to their clients.

1

II.  JURISDICTION

A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 of the United States Code.

B.  PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.  BRIEF DESCRIPTION OF CASE

A.  CLAIMS OF PLAINTIFF:

The plaintiff is a black African-American female who resides in the State of Connecticut.  The defendant is a private university located in New Haven, Connecticut.  It is an employer within the meaning of the relevant statutes and at all relevant times employed more than one hundred individuals.  The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed timely complaints of unlawful discrimination and retaliation with the United States Equal Employment Opportunity Commission and having received a Right to Sue Letter on or about October 25, 2012.

The plaintiff was employed by the defendant as an Assistant Director in Undergraduate Career Services from July 1998 through October 1998 and as a Staffing Representative in Human Resources from July 2005 until her termination on January 5, 2012.  The plaintiff was systematically excluded from

2

coaching and mentoring opportunities, pay increases and promotions, penalized

for approved leave, i.e., workers' compensation leave and FMLA leave, retaliated

against because of her participation in an African American affinity group, and

subjected to systematic exclusion from positive feedback by her clients during

performance reviews.

On July 13, 2011, the plaintiff received a warning letter from her

immediate supervisor stating that her work should improve within thirty days.  On

July 21, 2011, the plaintiff met with Senior Director Christine Pedevillano to

inquire about finding ways of meeting expectations.  Ms. Pedevillano instead

recommended that the plaintiff negotiate a severance package and promise not

to sue the defendant.

During her entire career with the defendant, the plaintiff received only one

special assignment whereas her Caucasian coworkers received several special

assignments giving them the opportunity to demonstrate performance

capabilities and earn promotions.

On September 14, 2010, the plaintiff was given the additional

responsibility of covering a former employee's workload.  For the next three

months, the plaintiff's workload was twice that of her Caucasian coworkers,

leading to a negative performance review which ignored the substantial and

unequal increase in her workload.

3

From 2006 through August 2010, the plaintiff received no pay increases. In September 2010 the plaintiff received a $500 pay increase.  Caucasian co-workers received far more generous pay increases during the same time period.

The plaintiff did not ever receive a promotion during her years employed by the defendant although four of her Caucasian coworkers were promoted despite in some cases having less experience than the plaintiff.

From 2009 through 2011 several of the plaintiff's clients shared positive feedback concerning her with the plaintiff's managers.  However, trhe plaintiff's managers excluded that positive feedback from the plaintiff's performance reviews and did not disclose it to the plaintiff or her peers.  On several occasions during that period, the plaintiff's managers highlighted positive feedback of her Caucasian peers during group meetings while making no mention of the plaintiff's positive feedback.

On December 16, 2010, the Yale African American Affinity group, of which the plaintiff was an active member, publicly raised concerns about disenfranchisement and distrust of the hiring process controlled by Human Resources and the Staffing Department.  On July 13, 2011, in retaliation, the plaintiff received a warning letter.

On August 10, 2011, the plaintiff filed a formal complaint of unlawful employment discrimination and retaliation with the United States Equal

4

Employment Opportunity Commission.  The plaintiff thereafter was on an extended medical leave.  On January 5, 2012, the plaintiff returned to work following her said medical leave.  Upon entering her office, she was handed a Termination Notice and was walked off the job by security personnel.

As a result, the plaintiff has suffered economic losses and emotional distress.

In the manner described above, the defendant has discriminated against the plaintiff because of her race and has retaliated against her for having complained about unlawful employment discrimination, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*

B.  DEFENSES AND CLAIMS:

The defendant denies any unlawful discrimination.  The actions taken by the defendant were precipitated by the plaintiff's work performance.

IV.  STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that the following material facts are undisputed:

None at this time.

V.  CASE MANAGEMENT PLAN:

    A.  STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

    B.  SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

    C.  EARLY SETTLEMENT CONFERENCE

1.  The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement is unlikely at this time.

2.  The parties do not request an early settlement conference.

3.  The parties prefer a settlement conference with a United States Magistrate Judge.

4.  The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

    E.  JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1.  Defendant should be allowed until December 26, 2012, to file a response to the complaint.

F.  DISCOVERY

1.  The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, damages.

2.  All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed by December 1, 2013.

3.  Discovery will not be conducted in phases.

4.  The parties anticipate that the plaintiff will require a total of five depositions of fact witnesses and the defendants will require a total of five depositions of fact witnesses.  The depositions will commence immediately, and be completed by December 1, 2013.

5.  The parties may request permission to serve more than twenty-five interrogatories.

6.  Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by August 1, 2013, a date not later than three months before the deadline for completing all discovery.  Depositions of any such experts will be completed by October 1, 2013, a date not later than two months before the deadline for completing all discovery.

7

7.  Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 1, 2013, a date not later than one month before the deadline for completing all discovery.  Depositions of such experts will be completed by December 1, 2013, a date not later than the discovery cutoff date.

8.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 1, 2013.

9.      The undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information.  Following is the position of each party:

The parties agree to preserve electronically stored records (as they may exist) retroactive to the date of the first event alleged in the Complaint.  The parties will reach further agreement on exactly the form the disclosure of the electronic

8

information will take.  Both sides agree to instruct the parties to preserve these records. As more information becomes available, the parties will reach an agreement on costs of the electronic discovery.

10.   The undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privileged or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to utilize Rule 37's privilege log under that rule's terms and conditions, with exceptions noted therein, and further agree to work with each other in good faith to avoid any discovery dispute.  In the event that any information that is privileged or subject to work-product protection is disclosed, the party to whom the information is disclosed agrees not to review the information after the privilege or work-product protection is asserted and further agrees to not duplicate that information and/or disclose it.

G.  DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before January 1, 2014.

H.  JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by February 1, 2014, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

IV.  TRIAL READINESS

The case will be ready for trial by March 1, 2014, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

BY:_____/s/_____
          JOHN R. WILLIAMS (ct00215)
          51 Elm Street
          New Haven, CT 06510
          203.562.9931
          Fax:  203.776.9494
          jrw@johnrwilliams.com
          Her Attorney

THE DEFENDANT

BY:_____/s/_____
          PATRICK M. NOONAN (ct00189)
          Donahue, Durham & Noonan, P.C.
          741 Boston Post Road
          Guilford, CT 06437
          203-458-9168
          Fax: 203-458-4424
          pnoonan@ddnctlaw.com
          Its Attorney